UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CRIMINAL CASE NO. 03-52-KKC
§2255 MOTION TO VACATE FILED AS:
CIVIL CASE NO. 04-628-KKC

Eastern District of Kentucky
FILED
JAN 27 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA            PLAINTIFF

VS.            **REPORT AND RECOMMENDATION**

CALVIN W. SIZEMORE            DEFENDANT

*******

This matter is before the Court upon the "Motion to Vacate, Set Aside, or Correct Sentence" (DE#28) pursuant to 28 U.S.C. §2255 by the defendant, Calvin W. Sizemore. The motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having carefully considered the record, including the Motion (DE#28) and Response (DE#30), the undersigned Magistrate Judge recommends as follows:

## I. Facts and Procedural History

Defendant Calvin W. Sizemore was a police officer in Hazard, Kentucky. While working as a property/evidence officer, he stole drugs (including Schedule II drugs) and money from the evidence room. He provided these drugs to other individuals to consume and distribute. On August 28, 2003, a London Grand Jury returned a federal indictment, charging him in Count One with conspiracy to knowingly and intentionally distribute Oxycontin, Percocet, and Tylox, in violation of 21 U.S.C. §846, and in Count Two with conspiracy to knowingly and intentionally distribute and possess marijuana, in violation of 21 U.S.C. §841(a)(1) and §846.

Defendant entered into a plea agreement and pleaded guilty to Count One on October 3, 2003. The plea agreement set forth various non-binding recommendations, including a calculation of a base offense level of eighteen (18),

an increase of two (2) levels for "abuse of position of trust" under USSG 3B1.3, and a decrease of two (2) levels for acceptance of responsibility under USSG 3E1.1(a) & (b). In his plea agreement, defendant Sizemore expressly waived "his right to appeal and to collaterally attack his guilty plea, conviction, and sentence". DE#15, Plea Agreement, p.3, ¶8.

The Court accepted the plea and sentenced Sizemore on February 12, 2004. The Court increased two levels each for leadership role and abuse of a position of trust, and decreased three levels for acceptance of responsibility, for an adjusted offense level of 19. He had no prior convictions (Criminal History I), resulting in a guideline sentencing range of 30-37 months. The Court imposed a sentence of 32 months imprisonment, to be followed by three years of supervised release. The Court dismissed Count Two. In light of his express waiver, Sizemore did not appeal. On December 17, 2004, he timely filed a pro se motion pursuant to 28 U.S.C. §2255.

## II. Issues Presented

Defendant asserts that "from the time of my plea to the time of my sentencing, the United States Sentencing Guidelines (USSG) changed concerning the weights of Oxycontin. See Amendment 657, USSG App. C." DE#28, ¶12(A). Defendant argues that his counsel should have brought this to the attention of the judge at sentencing, and accordingly, seeks a correction of his sentence to reflect the actual base offense level under the guidelines at the time of his sentencing. Defendant does not challenge the validity of his guilty plea or conviction.

The United States and Probation Office candidly acknowledge that "the defendant is correct in that he is entitled to benefit from Amendment 657", see DE#30, p. 1, and that application of Amendment 657 would have lowered Sizemore's base offense level to 16 under §2D1.1(c)(12), ultimately resulting in a lesser sentencing range of 24 to 30 months.[1] DE#30, p. 6-7. The United States suggests that, in light of the remedy sought by defendant, the Court need not delve into the alleged constitutional issue of "ineffectiveness", but instead, may "construe the defendant's motion as one brought pursuant to 18 U.S.C. §3582".

---

[1]Assuming the same findings of Court (an increase of two levels each under §3B1.1(c) for defendant's role in the offense and under §3B1.3 for abuse of a position of trust, and a three-level reduction for acceptance of responsibility under §3E1.1(a) & (b)), the United States indicates that Sizemore's ending offense level would have been 17, with a guideline range of 24-30 months.

The United States asserts that 18 U.S.C. §3582 expressly authorizes a district court to reduce a sentence when the sentencing range is later lowered by the Sentencing Commission.

## III. Analysis

### 28 U.S.C. §2255

With respect to whether the present motion is properly brought under 28 U.S.C. §2255, such statute provides that:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence...."

Although defendant labeled his pro se motion as a §2255 motion, he does not claim "the right to be released",[2] does not claim that his sentence "was imposed in violation of the Constitution or federal law", does not claim that "the court was without jurisdiction to impose sentence", does not claim that his "sentence was in excess of the maximum authorized by law", and does not challenge his guilty plea or conviction. He simply points out, quite reasonably, that he should have received the benefit of Amendment 657 in the 2003 Sentencing Guidelines, which lowered the applicable offense level relevant to his sentence. Defendant argues that his attorney should have pointed this out to the court at sentencing.

Although a defendant's claims of ineffective assistance of counsel are properly brought by means of a §2255 motion, *see* <u>United States v. Markarian</u>, 967 F.2d 1098, 1105 (6th Cir. 1992), *cert. denied*, 113 S.Ct. 1344 (1993), the present defendant is ultimately seeking correction of his offense level. In light of the remedy sought, the United States suggests that Sizemore's motion may reasonably

---

[2] Although defendant does not claim the right to immediate release, correction of his offense level would have the possible effect of shortening his term of imprisonment.

be construed as motion pursuant to 18 U.S.C. §3582. The United States Supreme Court has observed that a court may recharacterize a motion "in order to avoid an unnecessary dismissal, ...to avoid inappropriately stringent application of formal labeling requirements, ...or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis". Castro v. United States, 540 U.S. 375, 381-382, 124 S.Ct. 786, 791-792 (2003).

**Waiver of Right to Bring §2255 Motion**

Moreover, the relief sought by defendant may be unavailable under §2255. The record reflects that defendant agreed, as part of his written plea agreement, to waive his rights to appeal and to collaterally challenge his guilty plea, conviction, and sentence. Generally, this would foreclose a defendant's ability to bring a §2255 motion. A defendant may validly waive such rights. See Palermo v. United States, 101 F.3d 702, 1996 WL 678222 (6th Cir. 1996); United States v. Watson, 165 F.3d 486, 488-89 (6th Cir. 1999); Davila v. United States, 258 F.3d 448, 450-51 (6th Cir. 2001). Of course, the waiver, like the guilty plea itself, must be knowing, intelligent, and voluntary. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 23 L.Ed.2d 27 (1969).

It is noted that many federal courts, including the Sixth Circuit Court of Appeals, have expressed reservations about waiver of "ineffectiveness" claims. See, e.g., United States v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001)("It is altogether inconceivable to hold such a waiver enforceable when it would deprive a defendant of the opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation."), quoting Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999).

When a defendant relies upon the advice of counsel, it is inherently difficult for him to "knowingly and intelligently" waive the right to bring a claim of ineffective assistance of counsel, particularly with respect to a sentence that has not yet been imposed. See, e.g. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999)(holding that, under some circumstances, the right to bring a §2255 motion may be waived but stating that "...we do not address the question of whether the waiver of §2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel."); Davila, 258 F.3d at 451 (holding as a matter of first impression that ineffectiveness claims could be waived but noting exceptions when the ineffectiveness claim relates to the plea agreement or

Page 4 of 8

waiver); Nichols v. United States, 194 F.3d 1313, 1999 WL 824816 (6th Cir. (Tenn.))("...to the extent that Nichol's ineffective assistance of counsel claim survives his waiver...").

Other circuits have held that, regardless of waiver, defendants retain the right to raise certain claims by way of §2255 motion. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)("Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel"); Jones, 167 F.3d at 1144-45 (holding that a §2255 waiver is not enforceable with respect to certain ineffectiveness claims in the guilty plea context); United States v. Cockerham, 237 F.3d 1179, 1183-84 (10th Cir. 2001)(finding that some circuits "which have enforced §2255 waivers have, at the same time, suggested that such a waiver may not apply to a collateral attack based on an ineffective assistance of counsel claim"); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993)("...we do not hold that Abarca's waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver..."); United States v. Astacio, 14 F.Supp.2d 816 (E.D. Va. 1998)(finding waiver not enforceable with respect to ineffectiveness claim).

In any event, the validity of defendant's waiver of the right to assert an "ineffectiveness" claim need not be discussed any further, because the relief sought by defendant is available under 18 U.S.C. §3582. Moreover, the record suggests that Sizemore did not waive the right to bring a §3582 motion. His plea agreement did not expressly refer to the right to bring a motion under 18 U.S.C. §3582(c). Motions under §3582 do not challenge the validity of a conviction or sentence, and thus, would not be included within the meaning of the phrase "collateral challenge" covered by the waiver in the plea agreement. Hence, as the United States suggests, the defendant may still be able to seek relief under 18 U.S.C. §3582, which governs a district court's authority to reduce a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission.

Although there is a dearth of cases on the subject, at least one other federal circuit has held that a defendant did not waive his right to file a motion to modify sentence under 18 U.S.C. §3582, despite the fact that the defendant had entered a plea agreement waiving his rights to appeal and to collaterally attack his conviction and sentence. See United States v. Chavarria-Ahumada, 73 Fed. Appx. 362, 2003 WL 21958332 (10th Cir.). The present motion does not concern the

court's determination of any contested sentencing factors or discretionary matters.

### Construing the Motion Under 18 U.S.C. §3582

Given the actual relief sought by defendant, and in light of his waiver of the right to bring a §2255 motion, the government suggests that the present motion may be construed as a motion pursuant to 18 U.S.C.A. §3582. Such statute provides that a sentence of imprisonment can be "modified pursuant to the provisions of subsection (c)" which specifically sets forth in relevant part:

> (c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The treatise by Wright-King-Klein, *Federal Practice and Procedure*, at §3918.9, indicates that "18 U.S.C.A. §3582(c)(2) authorizes the district court to reduce a sentence when the sentencing range is later lowered by the Sentencing Commission." Amendment 657 lowered the base offense level after defendant entered into the plea agreement. Defendant is not asking the Court to review any exercise of the Court's discretion in imposing sentence within a properly calculated guidelines range, nor is he otherwise challenging the lawfulness of his sentence.

Since that time, it should also be pointed out that the Supreme Court has held that the federal sentencing guidelines are essentially "advisory". In United States v. Booker, 125 S.Ct. 738, 2005 WL 50108, the Supreme Court held that:

> "18 U.S.C.A. § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with today's Sixth Amendment 'jury trial' holding and therefore must be severed and excised from the Sentencing

Reform Act of 1984(Act). Section 3742(e), which depends upon the Guidelines' mandatory nature, also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory, requiring a sentencing court to consider Guidelines ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see § 3553(a)." Id.

As already discussed, 18 U.S.C.A. §3582(c)(2) permits a court to reduce an earlier-imposed sentence if the sentence was based on a sentencing range that is subsequently lowered. See United States v. Trujeque, 100 F.3d 869, 870-871 (10th Cir. 1996)(finding that defendant's appeal from denial of his §3582 motion was not a direct appeal of the sentence, nor a collateral attack under §2255). In Trujeque, after the Sentencing Guidelines were amended to lower the range for the defendant's offense, the district court considered the factors enumerated in the statute and any relevant policy statements of the Sentencing Commission. If the terms "sentencing range" and "base offense level" are equivalent here, Sizemore was entitled to a lower offense level under Amendment 657 and, as conceded by the United States, should have his sentence adjusted in accordance with 18 U.S.C.A. §3582(c)(2).

It is noted that before a court re-characterizes a prisoner's motion as a §2255 motion, a court must give the prisoner notice and an opportunity to withdraw his motion. Castro, 540 U.S. at 381-382, 124 S.Ct. at 791-792; In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002). However, the present case involves the reverse fact pattern, namely, recharacterizing a §2255 motion as some other type of motion. Hence, the concerns of *In re Shelton*, including restrictions on successive §2255 motions, are not implicated here. In any event, defendant may indicate to the District Court whether he objects to this characterization of his motion. As a practical matter, he is unlikely to object, as the recommendation is favorable to him.

## IV. No Hearing Required

The defendant's allegations in the present motion concern primarily the legal matter of Guidelines Amendment 657 and adjustment of his base offense level. The merits of such allegations are conceded by the government and can easily be decided on the record before the Court. An evidentiary hearing would not help resolve any of the issues presently before the Court. As no disputed factual

issues are before the Court, an evidentiary hearing is not warranted at this time. Moreover, given that the defendant has already served a substantial portion of his sentence, time is of the essence.

## RECOMMENDATION

It is **RECOMMENDED** that:

1) the "Motion to Vacate or Set Aside Sentence" (DE#28) by the defendant, Calvin Sizemore, should be **construed as** a motion pursuant to 18 U.S.C. §3582 and should be **GRANTED**; and
2) as the United States concedes the merits of defendant's claim, and assuming an outcome favorable to defendant, it is further recommended that a certificate of appealability need not issue.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 27th day of January, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge